UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
TREVOR ANDERSON,

                                Petitioner,

                - against -

WILLIAM LEE,

                                Respondent.
---------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

19-cv-4488 (BMC)

**COGAN**, District Judge.

      Petitioner seeks habeas corpus relief under 28 U.S.C. § 2254 from his conviction for attempted second-degree murder (N.Y. Penal L. § 125.25(2)) and second-degree criminal weapon possession (N.Y. Penal L. § 265.03(3)). Petitioner was convicted after a second trial, the first having ended with a hung jury. He was sentenced to twenty years' custody. The facts will be stated below as necessary to address each of his points of error, but to summarize, petitioner fired multiple shots at close range into one Erick Brown-Gordon, who was dating petitioner's former girlfriend, Diana Perez.

      Petitioner raises three points of error in his petition: (1) prosecutorial misconduct by use of an argumentative PowerPoint presentation during closing argument; (2) imposition of an unconstitutional sentence; and (3) ineffective assistance of trial counsel on numerous grounds. Petitioner's first point of error does not meet the standard for habeas corpus relief, and his second is procedurally barred.

However, the state court exorbitantly applied a state procedural bar as to petitioner's ineffective assistance of counsel claim. In addition, it did not alternatively review the entirety of that claim on the merits. Because respondent has not had the opportunity to brief the claim under the *de novo* review standard that applies, I will schedule additional briefing limited to the ineffective assistance claim under that standard.

I. **The PowerPoint Presentation**

    A. **Background**

The prosecutor accompanied his closing argument with a 77-slide PowerPoint presentation. Most of the slides consisted of talking points to focus the jury on the particular point that the prosecutor was making, e.g., the third slide was:

> Issue to be decided:
>
> Did defendant attempt to kill
> Erick Brown-Gordon on March 14, 2010?
>
> Yes

Other slides consisted of exhibits that had been admitted at trial, with superimposed commentary that tracked the closing argument. For example, when the prosecutor referred in his closing to the fact that the victim had been shot multiple times, he showed a slide that depicted a diagram of the victim (received in evidence), on which the superimposed phrases "Two Gun Shot

Wounds to front" and "Two Gun Shot Wounds to back" appeared, with green circles drawn around the diagram's front gunshot wounds and red circles around the back gunshot wounds:



Perhaps the most heavily attacked slide on direct appeal was one that showed a photograph of defendant (received in evidence), with superimposed references to other evidence in the case:



Because petitioner's trial counsel had not objected to the PowerPoint, petitioner contended on appeal that his counsel was ineffective for failing to object. In granting leave to appeal, the New York Court of Appeals effectively mooted the ineffective assistance issue by addressing whether the PowerPoint presentation compromised petitioner's right to a fair trial. It held that the PowerPoint presentation was proper, and therefore trial counsel was objectively reasonable in not objecting to it. The Court laid down this basic rule regarding the use of PowerPoint slides during closing:

> [A] visual demonstration during summation is evaluated in the same manner as an oral statement. … PowerPoint slides may properly be used in summation where, as here, the added captions or markings are consistent with the trial evidence and the fair inferences to be drawn from that evidence. When the superimposed text is clearly not part of the trial exhibits, and thus could not confuse the jury about what is an exhibit and what is argument or commentary, the added text is not objectionable. The slides, in contrast to the exhibits, are not evidence. The court properly instructed the jury that what the lawyers say during summations is not evidence, and that in finding the facts, the jury must consider only the evidence. In this case, as was appropriate, the jury was told that the physical exhibits admitted into evidence would be made available to them, while the slides were not supplied to the jury during deliberations.

People v. Anderson, 29 N.Y.3d 69, 72-73, 52 N.Y.S.3d 256, 257-58 (2017). Commenting specifically on the photograph of petitioner with superimposed evidentiary references, the Court held that: "In our view, the added text accurately tracked the witnesses' testimony and the fair inferences to be drawn from the evidence, and the placement of the text boxes around defendant's face was not simply an appeal to the jury's emotions." Id. at 74, 52 N.Y.S.3d at 259 (internal quotations and citation omitted).

### B. Analysis

Because the New York Court of Appeals decided this issue on the merits, my review attracts the provisions of the Antiterrorism and Effective Penalty Act of 1996, 28 U.S.C. § 2254

("AEDPA"). AEDPA permits reversal only if a state court's legal conclusion is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States . . . ." 28 U.S.C. § 2254(d)(1). The decision of a state court is "contrary" to clearly established federal law within the meaning of § 2254(d)(1) if it is "diametrically different" from, "opposite in character or nature," or "mutually opposed" to the relevant Supreme Court precedent. Williams v. Taylor, 529 U.S. 362, 405 (2000). A state court decision involves "an unreasonable application" of clearly established federal law if the state court applies federal law to the facts of the case "in an objectively unreasonable manner." Brown v. Payton, 544 U.S. 133, 141 (2005).

The Supreme Court has made clear that the AEDPA standard of review is extremely narrow, and is intended only as "a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal . . . ." Ryan v. Gonzales, 568 U.S. 57, 75 (2013) (internal quotation marks and citation omitted). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 88 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). The Supreme Court has repeatedly admonished Circuit Courts for not affording sufficient deference to state court determinations of constitutional issues. See, e.g., White v. Wheeler, 136 S. Ct. 456, 460 (2015) ("This Court, time and again, has instructed that AEDPA, by setting forth necessary predicates before state-court judgments may be set aside, 'erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court.'" (quoting Burt v. Titlow, 571 U.S. 12, 19 (2013))).

5

There is of course no Supreme Court precedent referencing the due process limitations of a PowerPoint presentation. We are therefore relegated to the Supreme Court precedent, perhaps most prominently Darden v. Wainwright, 477 U.S. 168 (1986), dealing with the due process limitations of closing argument in general. The Supreme Court has recognized that "because the Darden standard is a very general one, leaving courts 'more leeway in reaching outcomes in case-by-case determinations,'" habeas corpus review is particularly circumscribed. Parker v. Matthews, 567 U.S. 37, 48 (2012) (quoting Yarborough, 541 U.S. at 664). The cases hold that even when a closing argument contains "undoubtedly" improper statements, it "is not enough that the prosecutors' remarks were undesirable or even universally condemned." Darden, 477 U.S. at 181 (quoting Darden v. Wainwright, 699 F.2d 1031, 1036 (11th Cir. 1983)). Rather, "[t]he relevant question is whether the prosecutors' comments so infected the trial with unfairness as to make the resulting conviction a denial of due process. Id. (quoting Donnelly v. DeChristoforo, 416 U.S. 637 (1974)).

Applying these authorities to petitioner's claim here, it is plain that the New York Court of Appeals' decision is not contrary to or an unreasonable application of any Supreme Court decision. Indeed, the starting point of the Supreme Court cases is the assumption that some of the prosecutor's comments during closing were excessive, and even then, only in a narrow group of cases will a court properly find a due process violation. Here, in contrast, there was nothing improper about the New York Court of Appeals' conclusion that since the PowerPoint presentation was based on the evidence or inferences that a jury could reasonably draw from the evidence, the prosecutor had not engaged in any misconduct at all. Its holding does not even approach any decision of the Supreme Court, and therefore petitioner's point of error is rejected.

**II.     Sentencing Error**

On direct appeal and in a post-judgment motion pursuant to N.Y. C.P.L. § 440.20, petitioner challenged his sentence on two different grounds. On direct appeal, he argued that his sentence was harsh and excessive. This is an appeal to the Appellate Division's discretion and since petitioner was sentenced within the statutory range for his crimes, it is not cognizable on federal habeas corpus grounds. See White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992). In any event, it does not appear that petitioner seeks to reassert this argument in his habeas corpus petition.

He is reasserting the argument he made pursuant to C.P.L. § 440.20, which is similar to one of his arguments advanced in connection with his claim of ineffective assistance of trial counsel as described above. That is, he contends that he was sentenced under improper facts because the sentencing court thought he had shot Brown-Gordon four times when in fact he had only shot Brown-Gordon two or three. In addition, he contends that the trial court improperly found that the shooting was out of jealousy when there was no evidence to support that.

The § 440.20 court dismembered his argument. First, the court held that the claim was procedurally barred because petitioner failed to raise it on direct appeal. Petitioner contended that since his sentencing challenge in the § 440.20 proceeding was on a different theory than the "harsh and excessive" argument, he had the right to raise it by way of a collateral attack. As the § 440.20 court held, that is wrong; both theories concerning the sentence were available on the face of the record and had to be raised on direct appeal. See C.P.L. § 440.10(2)(c).

Second, the § 440.20 court held alternatively that petitioner had his facts wrong. First, the § 440.20 court had not made a finding as to how many times petitioner had shot Brown-

Gordon; it had raised the question and decided that since there were multiple shots in any event, it didn't matter:

> [T]here is no indication whatsoever in the sentencing transcript that the Court made any determination as to the number of times that complainant had been shot. To the contrary, the Court clearly recognized that the testimony gave rise to the possibility that he had been shot somewhere between two and four times, notwithstanding his [Brown-Gordon's] testimony that he had been shot four times.

As to the "jealousy" point, the § 440.20 court ruled that "there was absolutely no indication" that the Court had considered "jealousy" in determining the sentence.[1]

The § 440.20 court was right that the claim was procedurally barred because it should have been raised on direct appeal. There is neither cause nor prejudice as petitioner never raised, let alone exhausted, a claim of ineffective assistance of appellate counsel for having failed to raise it on appeal, and twenty years – less than the 25-year maximum that could have been imposed – does not constitute a miscarriage of justice for a cold-blooded shooting.

## III. Ineffective assistance of trial counsel

### A. Background

In a motion under N.Y. C.P.L. § 440.10, petitioner alleged a plethora of errors allegedly committed by his trial counsel. Some of his claims asserted on-the-record errors which had not been raised on direct appeal or as to which the Appellate Division or Court of Appeals had rejected the underlying claim on the merits, and two alleged acts or omissions of ineffective assistance that occurred off-the-record. Separating and understanding each claim is difficult

---

[1] In any event, the motive of jealousy was an almost unavoidable conclusion. The only thing that petitioner and Brown-Gordon had in common was their respective prior and current relationships with Diana Perez.

because some are expressed in a convoluted manner, others are barely developed, and some overlap with others.

Liberally reading his petition, the ineffective assistance claims that petitioner has carried over from his § 440 motion to this habeas corpus proceeding are the following alleged failures by counsel. Those in italics are the ones that the § 440 court rejected on the merits, holding that the remainder were or could have been raised on direct appeal and were therefore procedurally barred:

1. Failure to seek dismissal of the indictment on the ground of improper evidence submitted to the grand jury, consisting of Diana Perez's testimony that she had observed petitioner with guns prior to the shooting (petitioner referred to this as "prosecutorial misconduct");
2. Failure to seek suppression of evidence or dismissal of the indictment on the ground that there was no probable cause to arrest petitioner;
3. Lack of objection to a <u>Sandoval</u> ruling;
4. Failure to seek suppression of a witness's identification of petitioner on the ground that the police used a mugshot of petitioner from an earlier "illegal arrest."
5. *Failure to interview the prosecution's witnesses prior to trial (referred to by petitioner as a "failure to investigate").*
6. Lack of objection to the PowerPoint presentation;
7. Failure to object to the exorbitant use of a pen register warrant, and to suppress evidence obtained through the pen register, because police used it to obtain location information on petitioner as well as telephone number information;
8. Failure to highlight numerous witness inconsistencies at trial; and
9. *Failure to hire a medical expert to show that petitioner shot Brown-Gordon only twice instead of four times, as the prosecutor argued during closing.*

### B. "Mixed" ineffective assistance claims under New York law

A federal court should not address the merits of a petitioner's habeas claim if a state court has rejected the claim on "a state law ground that is independent of the federal question and adequate to support the judgment." <u>Lee v. Kemna</u>, 534 U.S. 362, 375 (2002) (quoting <u>Coleman v. Thompson</u>, 501 U.S. 722, 729 (1991)) (emphasis omitted). When a state court rejects a

9

petitioner's claim because he failed to comply with a state procedural rule, the procedural bar may constitute an adequate and independent ground for the state court's decision. See, e.g., Coleman, 501 U.S. at 729-30; Murden v. Artuz, 497 F.3d 178, 193 (2d Cir. 2007). State procedural grounds are only adequate to support the judgment and foreclose federal review if they are "firmly established and regularly followed" in the state. Murden, 497 F.3d at 193 (quoting Monroe v. Kuhlman, 433 F.3d 236, 241 (2d Cir. 2006)).

It is well-established that failure to comply with the requirements of C.P.L. § 440.10 can constitute an adequate and independent state law ground precluding federal habeas review. See, e.g., Finley v. Graham, No. 12-cv-9055, 2016 WL 47333, at *9-11 (S.D.N.Y. Dec. 31, 2015) (collecting cases). However, "[w]here the ineffective assistance of counsel claim is not record-based, federal habeas courts have held that the rule of C.P.L §440.10(2)(c) is not adequate" to bar habeas review. Byron v. Ercole, No. 07-cv-4671, 2008 WL 2795898, at *13 (E.D.N.Y. July 18, 2008) (citation and internal quotation marks omitted); see also Morency v. Annucci, No. 14-cv-672, 2017 WL 4417718, at *9 (E.D.N.Y. March 20, 2017), report and recommendation adopted by, 2017 WL 4417647 (E.D.N.Y. Sep. 30, 2017).

In this case, in holding that all but the medical expert and failure to interview points were procedurally barred because petitioner could have raised them on direct appeal, the § 440 court relied upon N.Y. C.P.L. § 440.10(2)(c). The statute provides that

> the court must deny a motion to vacate a judgment when . . . [a]lthough sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to the defendant's unjustifiable failure to take or perfect an appeal during the prescribed period or to his unjustifiable failure to raise such ground or issue upon an appeal actually perfected by him . . . .

The purpose of this provision is to prohibit criminal defendants from resuscitating claims that could have been raised on direct appeal but were not. See People v. Cooks, 67 N.Y.2d 100, 500 N.Y.S.2d 503 (1986).

However, the New York courts have recognized that in some cases where a defendant's ineffective assistance of trial counsel claim includes both on-the-record and off-the-record arguments, a § 440 motion is the only place that such a claim – referred to as a "mixed claim" – can be raised. Thus, in People v. Maxwell, 89 A.D.3d 1108, 1109, 933 N.Y.S.2d 386, 388 (2nd Dep't 2011), the Appellate Division stated:

> [S]ince some of the defendant's allegations of ineffectiveness involve matters appearing on the record, while others involve matters that are outside the record, the defendant has presented a "mixed claim[ ]" of ineffective assistance. In order to properly review a defendant's claim of ineffective assistance, a court must consider all of his or her allegations – as well as the evidence, the law, and the circumstances of the case – "in totality". Thus, where, as here, a defendant presents a mixed claim of ineffective assistance that depends, in part, upon matters that do not appear on the record, it cannot be said that "sufficient facts appear on the record with respect to the ground or issue raised upon the motion to permit adequate review thereof upon such an appeal" (CPL 440.10 [2] [b]). Therefore, such a mixed claim, presented in a CPL 440.10 motion, is not procedurally barred, and the CPL 440.10 proceeding is the appropriate forum for reviewing the claim of ineffectiveness in its entirety.

(citations omitted).

In opposing petitioner's § 440 motion, the District Attorney urged the § 440 court to hold that the on-the-record arguments of petitioner's ineffective assistance of trial counsel claim were procedurally barred as most were not raised on direct appeal, ignoring the New York authorities concerning mixed claims.[2]

---

[2] In fact, as I have seen in other cases, the Kings County District Attorney's office did not acknowledge the "mixed claim" standard at all before the § 440 court and argued the case as if it did not exist. It is unclear to me why the District Attorney is repeatedly taking positions on New York law that are contrary to direct Second Department authority. In this habeas corpus proceeding, the District Attorney has acknowledged the Maxwell line of cases.

11

In People v. Taylor, 156 A.D.3d 86, 64 N.Y.S.3d 714 (3d Dep't 2017), the defendant moved to vacate his conviction on the ground that he was denied effective assistance of counsel. His motion alleged four errors by his trial counsel as the basis for his overall ineffective assistance claim, namely, that his counsel failed to: (1) impeach the prosecution's key witness with a prior inconsistent statement; (2) request that a certain lesser included offense be submitted to the jury; (3) object to the Court's erroneous charge; and (4) sufficiently articulate and support a request for an instruction on the defense of justification. Id. at 89, 64 N.Y.S.3d at 715.

The Appellate Division found that trial counsel's first and second alleged failures did not involve matters adequately reflected in the record and thus were not procedurally barred. Specifically, as to the failure to impeach point, defendant's argument was "dependent upon [a] statement[] to the police that [was] outside the record." Id. at 90, 64 N.Y.S.3d at 716. Similarly, as to the failure to request a lesser included offense charge, the Appellate Division held that "while it is apparent from the face of the record that counsel did not request submission of the [lesser included offense charge], it is axiomatic that the decision … is often based on strategic considerations", which were also not discernable from the face of the record. Id. (internal quotation marks omitted).

Even though the third and fourth alleged failures were on-the-record, the Taylor court, relying on Maxwell, proceeded to combine the defendant's record-based allegations of ineffectiveness with his non-record-based allegations in the context of the § 440.10 motion, thereby permitting review of his "unified" claim of ineffective assistance in its entirety. Id. at 91-93, 64 N.Y.S.3d at 716-718. Upon conducting this review, the court found that – even though counsel's errors, individually, may not have necessarily rose to the level of ineffective assistance – the "cumulative effect" of defense counsel's record- and non-record-based failures deprived

the defendant of meaningful representation and ordered a new trial. Id. at 95-97, 64 N.Y.S.3d at 719-21.

The weight of state case law suggest that New York courts regularly apply the firmly established concept of an "unified" ineffective assistance of counsel claim espoused by Maxwell and Taylor when a "mixed" claim is raised and permit the claim to be brought in collateral proceedings. See, e.g., People v. Wilson, 162 A.D.3d 1591, 78 N.Y.S.3d 819 (4th Dep't 2018); People v. Kerley, 161 A.D.3d 1458, 77 N.Y.S.3d 748 (3rd Dep't 2018); People v. Barbuto, 126 A.D.3d 1501, 6 N.Y.S.3d 369, 373 (4th Dep't 2015); People v. Stokes, 126 A.D.3d 1018, 3 N.Y.S.3d 618, 619 (2nd Dep't 2015); People v. Freeman, 93 A.D.3d 805, 940 N.Y.S.2d 314 (2nd Dep't 2012).

### C. Exorbitant application of a state procedural bar

In Pierotti v. Walsh, 834 F.3d 171, 178-79 (2d Cir. 2016), the Second Circuit recognized Maxwell as the dominant view under New York law when a "mixed" ineffective assistance claim is raised. It declined to recognize the procedural bar invoked by the state courts in that case because, "where 'a defendant presents a mixed claim of ineffective assistance …[,] such a mixed claim, presented in a 440.10 motion, is not procedurally barred, and the 440.10 proceeding is the appropriate forum for reviewing the ineffectiveness in its entirety." Id. at 178 (quoting Maxwell, 933 N.Y.S.2d at 388). Specifically, the Circuit noted that "the weight of state case law suggest[s] that New York Courts do not ordinarily apply [Section] 440.10(2)(c) to bar claims of ineffective assistance based on out-of-court" facts. Id.

The Pierotti Court held that the petitioner had presented a "mixed claim" because the claim depended on some facts appearing on the trial record, but also turned on facts appearing outside the record. It therefore concluded that the state court's reliance on a procedural bar

represented an "exorbitant application" of the state rule and that § 440.10(2)(c) was "inadequate" to foreclose review of the petitioner's ineffective assistance of counsel claim. Id. at 180.

The same result is required here. Despite recognizing that petitioner was raising a "mixed" ineffective assistance of counsel claim, the § 440 court proceeded to bifurcate the alleged failures of petitioner's trial counsel. It purported to do this under the authority of People v. Lebron, 128 A.D.3d 851, 852, 9 N.Y.S.3d 128, 129 (2nd Dep't 2015), applying the language in that case holding that allegations of ineffective assistance based on matters outside the record need only be considered if "that fact [i.e., the off-the-record component], in and of itself, was material, and if established, would entitle him to relief." In other words, Lebron seems to require grounds outside the record which by themselves suffice to meet the standard for ineffective assistance of counsel before the court may consider arguments that were or could have been raised on direct appeal.

Applying this principle, the § 440 court found that two off-the-record alleged deficiencies of trial counsel lacked merit, while concluding that the majority of trial counsel's alleged failures were procedurally barred, as they were adequately reflected on-the-record and thus should have been raised on direct appeal. In other words, it did not treat petitioner's ineffective assistance claim as a single, unified claim.

There is an inconsistency between Lebron, on the one hand, and the Maxwell and Taylor line of cases. The Maxwell and Taylor line of cases establish the necessity of considering the "totality of the circumstances" in determining ineffective assistance of trial counsel claims. Lebron, in contrast, seems to require grounds outside the record which by themselves suffice to meet the standard for ineffective assistance of trial counsel before the court may consider arguments that were or could have been raised on direct appeal. But if that is a prerequisite, then

14

why would a defendant ever need to invoke Maxwell's "mixed claim" framework? He could prevail without regard to his on-the-record arguments if his off-the-record arguments were themselves sufficient to warrant relief. It follows that Lebron, as applied by the § 440 court here, contradicts the Maxwell and Taylor line of cases.

Having reviewed the case law in New York and the Court of Appeals' interpretation of it in Pierotti, I am compelled to conclude that Lebron is an outlier. As the Second Circuit noted in Pierotti, 834 F.3d at 178, Maxwell is "New York law" in this context. Thus, the § 440 court's application of Lebron, an opinion that is irreconcilable with the "mixed claim" framework of Maxwell and goes against the weight of its progeny, constitutes an "exorbitant application" of a state rule. In other words, the holding in Lebron is not firmly established and regularly followed in New York.

Consequently, petitioner's unified ineffective assistance of counsel claim is not procedurally barred, and I will therefore need to review his claim on its merits. See Murden, 497 F.3d at 196. The remaining question is what standard of review should apply to that analysis. Is it the deferential review standard from AEDPA discussed in Point I above, or should I undertake the review *de novo*?

Had the § 440 court found the entirety of petitioner's claim of ineffective assistance without merit as an alternative to its invocation of a partial procedural bar, this alternative holding would be entitled to deferential review on the merits. See Zarvela v. Artuz, 364 F.3d 415, 417 (2d Cir. 2004). But as explained above, the § 440 court announced no such alternative holding as to petitioner's unified ineffective assistance claim. It excluded arguments that could have been raised on the record as forfeited and considered on the merits only the two arguments that it found off the record. As a result, I am required to consider the unified ineffective

15

assistance claim *de novo*.  See Acevedo v. Capra, No. 13-cv-5579, 2014 WL 1236763, at *17 (E.D.N.Y. March 25, 2014) ("The proper standard of review is *de novo*, because petitioner has done all that state law allows him to do to exhaust his ineffective assistance claim, and yet no state court has considered that claim in its totality. There is thus no state court decision to which AEDPA deference can be afforded.").

There is one further caveat to my conclusion.  The § 440 court properly recognized that since the Court of Appeals had expressly held that counsel was objectively reasonable in not objecting to the PowerPoint, then petitioner's argument to the contrary could not be raised in his § 440 motion.  In other words, the § 440 court was not free to reject the Court of Appeals' express determination of objective reasonableness as to the PowerPoint argument.  See People v. Turner, 5 N.Y.3d 476, 482, 806 N.Y.S.2d 154 (2005); see also Jiannaras v. Alfant, 124 A.D.3d 582, 586, 1 N.Y.S.3d 332, 335 (2nd Dep't 2015) ("[T]his Court is a court of precedent and is bound to follow the Court of Appeals."). If the Court of Appeals expressly holds that an alleged act or omission was objectively reasonable, that act or omission cannot be part of the "unified claim" of ineffective assistance raised in a § 440 proceeding.  Indeed, whether an act or omission is found objectively reasonable on direct appeal or on a § 440 motion doesn't matter – once the act or omission is so characterized, it is no longer part of the unified ineffective assistance claim.

This follows from the principle behind Maxwell and its progeny.  Those cases seek to address the concern that an act or omission by trial counsel, even if objectively unreasonable, may cause insufficient prejudice, or may be considered "harmless," so that, standing alone, the error does not satisfy the prejudice prong of Strickland.  But trial prejudice, like evidence at trial itself, is both qualitative and quantitative.  One error or omission may not cause sufficient prejudice but two or more may.

16

That is not the case with Strickland's first prong of objective reasonableness. Although objective reasonableness must be considered in the context of the entire trial, see Purdy v. United States, 208 F.3d 41, 44 (2d Cir. 2000) (citing Strickland, 466 U.S. at 688), unrelated acts or omissions that are each found to be objectively reasonable cannot contribute to an ineffective assistance claim because such a claim requires an overall finding of objective unreasonableness. Unlike prejudice, there is no "cumulative" aspect to evaluating whether a particular decision by trial counsel was objectively reasonable.

The District Attorney responds that pursuant to C.P.L. § 440.10(2)(c), the procedural bar should apply not only to ineffective assistance arguments that were actually raised on direct appeal and rejected on objective reasonableness grounds, but also to ineffective assistance arguments that could have been raised on direct appeal and were not. That approach, however, would lead us right back to a violation of the holding in Maxwell and its progeny.

In contrast, there is no compromise of the purpose behind C.P.L. § 440.10(2)(c) by reading it in conjunction with Maxwell. Appellate counsel on direct appeal is still incentivized to raise any argument of ineffective assistance that appellate counsel decides can be determined on the record. If the appellate courts reject it based on a finding that counsel's conduct was objectively reasonable, that logically should be the same result that would have obtained had the argument been raised in a § 440 motion. And if the appellate courts reject it on the ground that any prejudice was insufficient, then it may be re-presented to a § 440 court as part of a unified claim of ineffective assistance if there are also off-the-record arguments.

17

## CONCLUSION

The claims in the petition arising from the PowerPoint presentation and the sentencing error are denied. Because the District Attorney has not had the opportunity to brief the entirety of the claim of ineffective assistance of counsel (excluding the PowerPoint claim) on a *de novo* basis before me, he is granted 20 days to do so. Petitioner may have 20 days thereafter to reply. Decision on the ineffective assistance of counsel claim is deferred pending receipt of this additional briefing.

**SO ORDERED.**

                                                                                               U.S.D.J.

Dated: Brooklyn, New York
        April 6, 2020